**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0446-18T2

OLGA KUHARETS,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR and
BOROUGH OF FORT LEE,

    Respondents.

Submitted December 3, 2019 – Decided December 13, 2019

Before Judges Fisher and Rose.

On appeal from the Board of Review, Department of Labor, Docket No. 142,833.

Olga Kuharets, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

Botta Angeli, LLC, attorneys for respondent Borough of Fort Lee (Natalia R. Angeli, on the statement in lieu of brief).

PER CURIAM

Claimant Olga Kuharets appeals a final decision of the Board of Review disqualifying her from unemployment benefits because she left her job without good cause attributable to the work. N.J.S.A. 43:21-5(a). We affirm.

Kuharets was employed by the Borough of Fort Lee's public library for six years. An hour after her shift began on November 15, 2017, she reported her absence, complaining of anxiety and depression. Kuharets sought accommodations for those conditions and asked to change her employment from full to part time. She was told to provide a doctor's note.

The next day, the note Kuharets provided from her physician stated Kuharets was under his care for "intractable migraines and neck pain" and needed "accommodations avoiding lifting, climbing stairs during the exa[cerb]ation of her symptoms." Because the note was at odds with her verbal reasons for calling out the day before, the employer requested additional medical information in line with her reason for calling out on November 15. Kuharets failed to provide that documentation, and never returned to work.

2

In particular, Kuharets used two paid vacation days for November 16 and 17. Her employer then suspended Kuharets, without pay, from November 20 to 28 "due to both the late reporting of her absence [on] [November 15], and numerous other recent absences." Kuharets signed a settlement agreement and release, awarding her a $2,000 severance.[1] In exchange, Kuharets resigned from her position effective November 30.

After a hearing in which the above facts were adduced, the Appeal Tribunal determined claimant's allegations "that she was confused about the separation process, was in danger of being fired, and that the union's legal team . . . forc[ed] her to sign the . . . settlement agreement and release document . . . lack[ed] credibility." The Appeal Tribunal elaborated:

> While [claimant] was suspended for [eight] days for the . . . improperly reported absence, and numerous other recent absences, there [wa]s no written or verbal proof presented to show that she was to be discharged upon the conclusion of the suspension. Further, the language of the settlement agreement, which the claimant signed, allowed for a $2,000 severance payout, and also allowed the claimant [twenty-one] days to fully review the settlement. Clearly the claimant was financially motivated to sign this document. If she was [sic] initially confused about the whole process, it is clear that she had a full [three] weeks to thoroughly review the document prior to potentially signing the form. It appears highly unlikely that the claimant would have

---

[1] Only the first page of the agreement was provided on appeal.

A-0446-18T2

been forced by the union to sign the document based upon this extensive timeline. Finally, while the claimant contends that her medical issues were caused by the job, this is not stated in the only medical note provided by her to the employer dated 11/16/17.

The Board adopted the Appeal Tribunal's decision. This appeal followed.

In her pro se brief on appeal, Kuharets presents a single point for our consideration:

> CLAIMANT'S LEAVING [HER] JOB IN ORDER TO WORK PART-TIME WHILE RECOVERING FROM UNDETERMINED CONSEQUENCES DUE TO INJURIES CONSTITUTES GOOD CAUSE ATTRIBUTABLE TO THE WORK AND, THEREFORE, CLAIMAINT SHOULD NOT HAVE BEEN DISQUALIFIED FOR BENEFITS.

In support of her argument, Kuharets summarily states her employer denied her request for part-time employment, which she sought "to improve working conditions to recover fully from severe trauma." Kuharets contends "habitual mental strain caused by unequal treatment combined with multiple unforeseeable physical injuries demonstrate good cause attributable to work and qualify [her] for benefits."

We have considered these contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Pursuant to our limited

standard of review, In re Stallworth, 208 N.J. 182, 194 (2011), we affirm, as did the Board, substantially for the reasons expressed in the Appeal Tribunal's cogent written decision, which "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D); see also Brady v. Bd. of Review, 152 N.J. 197, 210-11 (1997).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION